UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>     v.<br>ANTOINE HARRIS,<br><br>               Defendant. | Case No. 3:17-cr-00082-MMD-CLB<br><br>ORDER |

      Defendant Antoine Harris is serving a 137-month sentence, followed by two five-year terms of supervised release, at the Federal Correctional Institution at Victorville Medium I ("FCI Victorville") for one count of possession with intent to distribute 5 grams or more of methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 152 at 1-3.) Before the Court is Harris' motion for reconsideration of the Court's prior order denying his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the "extraordinary and compelling reasons" presented by the COVID-19 pandemic as applied to his health and particular circumstances.[1] (ECF No. 159 (the "Motion"); *see also* ECF No. 158 (the "Prior Order").) As the Court explained in its Prior Order, when the Court imposed Harris' sentence, it was fully apprised of Harris' health conditions as well as the risk of COVID-19 exposure to immunocompromised persons. And Harris has not presented evidence in his Motion that he is now at a greater risk of contracting a severe case of COVID-19 than he was when the Court sentenced him. Therefore, and as further explained below, the Court will deny Harris' Motion.

---

[1] The government opposes the motion. (ECF No. 160.) Harris filed a reply. (ECF No. 161.)

"No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (citation omitted). This Court and other courts look to the standard governing motions for reconsideration in civil cases for guidance in ruling on motions for reconsideration in criminal cases. *See, e.g.*, *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Ritchie*, Case No. 2:15-cr-00285-APG-PAL, 2018 WL 6579181, at *4 (D. Nev. June 20, 2018), *report and recommendation adopted*, Case No. 2:15-cr-00285-APG-PAL, 2018 WL 6580954 (D. Nev. Dec. 13, 2018).

In civil cases, a motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Harris filed his Motion during the Omicron surge in COVID-19 cases, arguing that the Court should reconsider its prior order denying him compassionate release because approved vaccines are not effective against Omicron. (ECF No. 159 at 1-2.) The government counters that CDC guidance, scientific studies, and caselaw from other federal district courts all suggest that existing vaccines remain effective at preventing against severe illness and death caused by the COVID-19 virus—even if they do not prevent transmission of the Omicron variant of the virus—and thus the Court should not reconsider the Prior Order. (ECF No. 160 at 2-4.) The Court agrees with the government.

The Centers for Disease Control and Prevention ("CDC") maintains that "[c]urrent vaccines protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." CDC, *Omicron Variant: What You Need to Know* (Updated Mar. 29, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html. Harris

offers no support for his contrary position forming the basis of his Motion. (ECF No. 159.) Harris also declines to mention two factors that the Court considers significant in his Motion, as stated in its Prior Order—that Harris already contracted and recovered from COVID-19, and that he declined to complete his course of vaccination after experiencing side effects following his first shot of the Moderna COVID-19 vaccine. (ECF No. 158 at 4-6.) These facts further detract from the persuasiveness of Harris' argument that the Court should reconsider its Prior Order considering the prevalence of the Omicron variant. (ECF No. 159.) *See also, e.g.*, *United States v. McCullum*, Case No. 3:13-CR-00012-RCJ, 2022 WL 943143, at *2 (D. Nev. Mar. 29, 2022) (finding that either being vaccinated or refusing to be vaccinated against COVID-19 cuts against compassionate release even in view of the prevalence of the Omicron variant). In sum, the prevalence of the Omicron variant does not warrant reconsideration of the Prior Order.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Harris' motion for reconsideration (ECF No. 159) is denied.

DATED THIS 26TH Day of April 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE