# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTOINE HARRIS,<br><br>Defendant. | Case No. 3:17-cr-00082-MMD-CLB<br><br>ORDER |

Defendant Antoine Harris is serving a 137-month sentence, followed by two five-year terms of supervised release, for one count of possession with intent to distribute 5 grams or more of methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 152 at 1-3.) Before the Court is Harris' *pro se* motion requesting a copy of the transcript of his sentencing. (ECF No. 163.) Because Harris does not indicate in his motion what type of motion he plans to file or otherwise provide enough information for the Court to grant the motion—and as further explained below—the Court denies the motion without prejudice to refiling with more information, ideally by counsel.

Harris' short motion asks for a copy of his sentencing transcript because he needs it to file an unspecified *pro se* motion and does not have the money to otherwise get it. (*Id.*) He does not give any details about his potential motion. (*Id.*) Without more information about the motion Harris needs his sentencing transcript for, the Court cannot grant it.

To the extent Harris intends to file a motion attacking his sentence under 28 U.S.C. § 2255, the Court can only order that he is sent a free copy of his sentencing transcript if it "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide

the issue presented by the suit or appeal." 28 U.S.C. § 753(f). To make this certification, the Court would need some information from Harris about the intended contents of his motion and why he needs his transcript to prepare such a motion. *See United States v. MacCollom*, 426 U.S. 317, 325 (1976) (noting these requirements and rejecting a constitutional challenge to 28 U.S.C. § 753(f)). But even if Harris were to provide that information, he may have already run out of time to file a Section 2255 motion, since a one-year statute of limitations applies to them, and it has been more than one year since Harris' judgment of conviction became final. (ECF No. 152 (Sept. 14, 2020).) *See also* 28 U.S.C. § 2255(f)(1).

To the extent Harris intends to file some other type of motion, 28 U.S.C.A. § 753(f) similarly first requires the Court to certify that Harris' appeal is not frivolous. *See id.* So that too would require Harris to provide the Court with more information about the subject matter of his intended motion. In sum, Harris has not given the Court enough information to determine whether it may order that a free copy of the transcript of his sentencing hearing be prepared and sent to him.

The Court finally notes that Harris has been represented by counsel in this matter. (ECF Nos. 151, 154.) The Court's Local Rules generally prohibit represented parties from filing *pro se* motions. *See* LR IA 11-6(a). The Court accordingly encourages Harris to contact his counsel and seek their advice about how to proceed instead of filing another *pro se* motion.

It is therefore ordered that Harris' motion for sentencing transcripts (ECF No. 163) is denied.

DATED THIS 23rd Day of September 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE